NO. 07-00-0494-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 6, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 817,718; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Princewill A. Tata has given notice of appeal from a conviction and
sentence in cause number 817,718 in the 337th District Court of Harris County, Texas (the
trial court). The trial court clerk's records were filed with the appellate court clerk on
October 24, 2000. The clerk of this court is in receipt of a letter from the trial court reporter
which advises that the reporter has not received a deposit toward transcription of the
reporter's record on appeal, nor any designation of record on appeal. No reporter's record
has been filed. 

 Pursuant to correspondence from the clerk of this court, counsel for appellant
advised that an affidavit of indigency was forwarded to appellant at his place of
incarceration, and that upon filing of the properly-executed affidavit, the trial court would
appoint counsel to represent appellant on appeal. Subsequent inquiry into the status of
the affidavit of indigency and appointment of counsel has not elicited a response from
appellant or his counsel. 

 Accordingly, this appeal is abated and the cause remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute the appeal, whether
appellant's present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute, or, if appellant desires to
prosecute, to assure that the appeal will be diligently pursued. If the trial court determines
that the present attorney for appellant should be replaced, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time from the
trial court, the supplemental clerk's record, reporter's record of the hearing and
proceedings pursuant to this order, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than April 16, 2001. 

 

 Per Curiam

Do not publish.



          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion,
the record reflects no reversible error upon which an appeal can arguably be predicated. 
Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities, there is no
error in the trial court’s judgments. Additionally, counsel has certified that he has provided
appellant a copy of the Anders brief and motion to withdraw and appropriately advised
appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d
503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a
pro se response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). We have found no such
arguable grounds and agree with counsel that the appeal is frivolous.
 
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgments are affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.